## Case No. 2,601.

### In re CHAPMAN.

[9 Ben. 311.][1]

District Court, E. D. New York. Jan., 1878.

DISCHARGE — MERCHANT UNDER BANKRUPT ACT—
    BOOKS OF ACCOUNT—PREFERENCES.

1. One who buys from time to time paintings, but not in the course of his regular business, is not a merchant within the meaning of the bankrupt act [14 Stat. 534], although he places

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

such pictures in a public gallery and sells them at auction; and he is not required to keep books of account.

2. When the bankrupt testifies that the occasion of his going into bankruptcy was an unforeseen increase of indebtedness occurring subsequently to payment in full made to certain creditors, the fact that he was actually insolvent at the time of making such payment does not compel the inference that bankruptcy was then contemplated. The design to give a preference must be established as a fact.

[In bankruptcy. In the matter of Henry T. Chapman.] Creditors of the bankrupt opposed his discharge, upon the ground that, being engaged in the purchase and sale of pictures for profit, he was a merchant and trader within the meaning of the bankrupt act and as such had kept no books of account, and on the further ground that he had, in contemplation of bankruptcy, made transfers of property to certain creditors, with the intent to prefer such creditors. It appeared upon the bankrupt's examination that, at the time he filed his petition in bankruptcy, he had for two years been a clerk with a mercantile house, and that prior thereto he had been for nineteen years in the employ of a bank, occupying every position except that of president. During a portion of this period the bankrupt was in the habit of buying, collecting, and selling oil paintings, at one time making a large sale of pictures at auction at a public gallery in New York.

B. F. Tracy, for bankrupt.

BENEDICT, District Judge. The bankrupt, whose discharge is opposed, was a bank cashier and clerk in New York City. The evidence in respect to his purchase and sale of oil paintings, does not, in my opinion, constitute him a merchant within the meaning of the bankrupt act. The objection to the discharge upon the ground, that, being a merchant, he failed to keep proper books of account, cannot therefore be sustained.

The objections founded upon the preferences alleged to have been made in contemplation of bankruptcy, must likewise fail for want of sufficient proof that they were so made. The payments complained of were made some two years prior to the filing of the petition. The bankrupt testifies that when they were made he had no intention of going into bankruptcy, and the circumstances attending the payments as disclosed by him, while they show an actual insolvency at the time, do not necessarily compel the inference that any act of bankruptcy or resort to proceedings in bankruptcy, was then contemplated. "To infer a design to give a preference to a favored creditor, and in the immediate expectation of bankruptcy from the mere fact of insolvency, is by no means a certain inference. The evidence must go further and establish as a fact the design to give the preference, a fact too important to be left upon conjecture." Jones v. Howland, 8 Metc. [Mass.] 385.

The unexpected increase of the bankrupt's liability in August, 1876, caused by the entry of a judgment for deficiency of over ten thousand dollars by one of the creditors now opposing the discharge, with the attendant circumstances, affords a reason for going into bankruptcy which did not exist at the time of the payments under consideration, and the bankrupt testifies that this was the circumstance that led him for the first time to contemplate proceedings in bankruptcy.

Upon the evidence before me I am therefore unable to hold it proved that the payments referred to in the specifications were made in contemplation of bankruptcy. The objections to the discharge must therefore be overruled.